## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

**Etsegenet Yohannes Akalu**
**DOB:**

I, Miguel Alejandro Contreras, being first duly sworn, depose and state as follows:

### AFFIANT'S BACKGROUND

1. I am been a sworn officer of the United States Secret Service ("USSS").

2. This affidavit is based, in part, on my personal observations, information provided to me by other officers and agents of the USSS, other members of law enforcement, and witnesses, and it includes other information gathered during the course of this investigation. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for a criminal complaint and arrest warrant.

### PURPOSE OF AFFIDAVIT

3. This affidavit is in support of a criminal complaint charging **Etsegenet Yohannes Akalu** with having assaulted, struck, wounded, imprisoned, or offered violence to a foreign official, foreign guest, or internationally protected person, or made any other violent attack upon the person or liberty of such person or, in a manner likely to endanger his person or liberty, made a violent attack upon his official premises, private accommodation, or means of transport, in violation of 18 U.S.C. § 112(a).

### FACTUAL BASIS SUPPORTING PROBABLE CAUSE

4. On or about Sunday, March 10, 2019, at approximately 4:11 p.m., the undersigned officer (Officer-1) was dispatched to the 3700 block of Nebraska Avenue, NW, Washington D.C., for a foreign diplomat who was involved in a vehicle collision.

5. Upon arrival to the 3700 block of Nebraska Avenue, NW, Officer-1 spoke with an officer of the Metropolitan Police Department (Officer-2). Officer-2 informed Officer-1 that the defendant, Etsegenet Yohannes Akalu and another individual (Suspect-2) had been driving together in a Dodge Caravan. Defendant was driving and Suspect-2 was a passenger. Defendant was driving southbound when she struck another motor vehicle from behind. Defendant and Suspect-2 left the scene of this first collision, and they continued driving southbound on Nebraska Avenue.

6. As they continued driving southbound, Defendant and Suspect-2 struck a second vehicle from behind. This vehicle was occupied by Martin David Thompson-Essex (Complainant-1) and another individual (Complainant-2). Complainant-1 is the First Secretary at the United Kingdom's Embassy in Washington, D.C. During the course of

the investigation into this incident, Complainant-1 provided law enforcement with his Diplomatic Identification Card issued by the United States Department of State.

7. After the collision, Complainant-1 exited his vehicle. Defendant approached Complainant-1 in an aggressive manner yelling nonsensical statements.

8. Complainant-1 took out his cellphone in an attempt to call 911. Defendant continued to yell at Complainant-1. Defendant then struck Complainant-1 in the face with an open palm multiple times. Complainant-1 then grabbed Defendant's arm to stop the Defendant from striking him.

9. Seeing Defendant strike Complainant-1, Complainant-2 exited the vehicle. Complainant-2 used her cellphone to video record the Defendant as the Defendant continued to strike Complainant-1. At that time, Defendant approached Complainant-2 and struck Complainant-2 one or more times.

10. Law enforcement arrived on the scene and observed Defendant walking in the middle of the street. Defendant was detained and placed in the back of a police vehicle due to the Defendant making loud outbursts and erratic movements.

11. Pursuant to a search incident to arrest, law enforcement recovered the following materials from Defendant's right dress pocket: two (2) bags of white powdery substance that later tested positive for methamphetamines and weighed approximately 1.2 grams; five (5) bags of white powdery substance that later tested positive for cocaine and weighed approximately 2.7 grams; and a red straw containing residue.

12. Defendant refused to take any Standardized Field Sobriety Tests on scene. After being moved to a police vehicle, Defendant appeared jittery and was rapidly moving her legs and arms. Defendant's eyes moved back and forth rapidly, and her lips were twitching. Defendant's speech was low in volume and rapid in pace. Defendant's pupils were noticeably constricted, even while she sat in the darkened interior of the police vehicle. An officer asked if Defendant would consent to a Standardized Field Sobriety Test. Defendant did not respond. The officer continued to try to evaluate Defendant. Defendant then stated repeatedly, "You're better than this."

13. At the time of arrest, Defendant had a pending criminal case in Washington, D.C., for Simple Assault and Possession of a Controlled Substance (Cocaine). The pending case was filed on March 4, 2019.

## CONCLUSION

14. Based on the abovementioned facts, I submit there is probable cause to believe that on or about March 10, 2019, **Estegenet Yohannes Akalu** assaulted, struck, wounded, imprisoned, or offered violence to a foreign official, foreign guest, or internationally protected person, or made any other violent attack upon the person or liberty of such person or, in a manner likely to endanger his person or liberty, made a violent attack upon his official premises, private accommodation, or means of transport, in violation of 18 U.S.C. § 112(a).

_____
Miguel Alejandro Contreras, Officer
United States Secret Service

Subscribed and sworn before me this _____ day of March 2019.

_____
Hon. Robin M. Meriweather
United States Magistrate Judge